In re Estate of Walden.

[Cite as In re Estate of Walden, 6 Ohio Misc. 214.]

(No. 230056—Decided July 14, 1965.)

Probate Court of Hamilton County.

*Mr. Marvin J. Barsman,* for Samuel H. Furer, Administrator de bonis non with the will annexed of the estate of Nannie Walden.

*Mr. Charles J. Tekulve,* for Frank Edward Mootz.

DAVIES, J. This matter came before the court upon the complaint of Samuel H. Furer, administrator de bonis non with the will annexed of the estate of Nannie Walden, deceased, against Frank Edward Mootz, former executor of said estate, alleging that said Mootz "has concealed or conveyed away assets of such estate in the amount of Twelve Thousand Five Hundred Ninety and 24/100 ($12,590.24) Dollars."

The evidence shows that Frank Edward Mootz was appointed executor of the estate of Nannie Walden, deceased, on August 9, 1961, said executor filed an inventory on February 7, 1962, the inventory was approved on March 1, 1962, and on the same day (March 1, 1962), the executor made distribution to himself, as legatee, the sum of $12,590.24. On March 15, 1962, Mootz, as executor, filed his final account. On September 10, 1962, Mootz was removed as executor and Samuel H. Furer

was appointed administrator de bonis non with the will annexed of said estate on June 28, 1963.

Joseph Moser, doing business as William Moser & Son, who obtained a personal judgment against the said Frank Edward Mootz in the amount of $4,080.73 in the Common Pleas Court, is attempting to have the present fiduciary obtain a determination of the court that Mootz improperly made distribution of the $12,590.24 to himself so that attachment may be made upon Mootz's interest in the estate to satisfy the judgment.

Section 2113.53, Revised Code, provides, in part, as follows:

"When six months have expired after the appointment of an executor or administrator and one month has expired after approval of the inventory required by Section 2115.02 of the Revised Code, and the surviving spouse has made an election, and when all debts are paid, except debts not due and payable, and claims rejected within two months or in suit, and when provision has been made as prescribed in Section 2117.28 of the Revised Code for any debts which are not due and payable, the executor or administrator may provide for the payment of such rejected claims and claims in suit by setting aside enough assets for that purpose, to the satisfaction of and in the manner directed by the probate court. Having done so, such executor or administrator may distribute to the legatees entitled thereto under the will, if there is no action pending to set aside the will, or to the distributees entitled thereto by law, in cash or in kind, any part or all of the assets of the estate not set apart as provided in this section and not required for any other purpose. * * * ."

Section 2109.50, Revised Code, provides, in part, as follows:

"Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate *or by the creditor of a person interested in such trust estate* against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the

person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *.'' (Emphasis added.)

Frank Edward Mootz, as executor of the estate of Nannie Walden, deceased, as shown above, filed his inventory on February 7, 1962, and the inventory was approved on March 1, 1962. He did not wait, as provided by Section 2113.53, Revised Code, until one month had expired after the approval of the inventory required by Section 2115.02, Revised Code, to distribute to himself, as legatee, the sum of $12,590.24.

Section 2109.50, Revised Code, provides that upon complaint of a ''creditor of a person interested in such trust estate'' against any person suspected of having conveyed away or of being or having been in the possession of any moneys of such estate, the probate court shall forthwith proceed to hear and determine the matter.

The court, having carefully studied the evidence and the applicable law in the proceeding, finds that the said Frank Edward Mootz, as executor of the estate of Nannie Walden, deceased, was in possession of the sum of $12,590.24, and is guilty of having conveyed improperly to himself, as legatee under the will of said decedent, the sum of $12,590.24, because, as required by Section 2113.53, Revised Code, he did not wait until one month had expired after the approval of the inventory required by Section 2115.02, Revised Code, before distributing said sum to himself as legatee.

The court, therefore, hereby renders judgment in favor of the estate of Nannie Walden, deceased, against Frank Edward Mootz, in the amount of $12,590.24, together with ten per cent penalty and all costs of these proceedings, as provided in Section 2109.52, Revised Code.

*Judgment accordingly.*